DOMENGEAUX, Judge.
Plaintiff, Olivera Clark, brings suit against defendant, Ray N. Stagg and his insurer, Southern Farm Bureau Casualty Insurance Company, for damages sustained by her minor son, Robert Clark, in an intersectional collision between a truck and bicycle in the City of Ville Platte. The trial court dismissed the plaintiff’s suit and held in favor of the defendant. From that judgment plaintiff has perfected this appeal.
The accident occurred on October 19, 1980, as fifteen year old Robert Clark, thirteen year old Eddie Frank, and eleven year old Eric Doucet were riding their bicycles in an easterly direction on West DeSoto Street. At this time Ray N. Stagg was driving in a northerly direction on Laran Street which intersects with West DeSoto Street. There is a stop sign for traffic on West DeSoto Street compelling all traffic to stop at the intersection on West DeSoto Street and Laran Street.
Robert did not observe the stop sign and stop, but rather proceeded straight through the intersection. There is conflicting evidence as to whether the two other bicyclists crossed the intersection ahead of Robert or whether they had stopped at the intersection. Before he had completed the crossing, Robert was struck by the Stagg pickup truck.
As a result of this accident, Robert sustained a fracture of his leg below the knee. He was taken to the Savoy Memorial Hospital in Mamou, Louisiana, and was treated by Dr. Ramson Vidrine, and Dr. Lionel Mayer, an orthopedist from Opelousas. Since the leg was fractured, a closed reduction of the right leg was performed, and a cast applied. After several changes the cast was removed on February 17, 1981, and Robert was discharged by Doctor Vid-rine on April 8, 1981.
*611 The trial judge rendered written reasons setting forth in detail his factual findings and his conclusions thereto. Close scrutiny of the trial record reveals that the trial judge’s conclusions are not only free of manifest error but also fully supported by the evidence adduced. For these reasons we adopt the well considered opinion of the trial court which reads in part as follows:
“The issues in this case are:
1. Was defendant, Ray Stagg, guilty of negligence, and that such negligence was the proximate cause of the accident in question?
2. Was Robert Clark guilty of contributory negligence proximately causing the accident? If Robert was negligent, does the doctrine of last clear chance apply in this case?
3. If both Robert and Ray Stagg were guilty of negligence, what are the relative degrees or percentages of negligence attributable to each party?
4. If plaintiff is successful, what damages would Robert and Olivera Clark suffer?
The Court believes that the defendant, Ray Stagg, was free of negligence. This accident occurred at a normal intersection where there was nothing to alert the defendant of any children playing, such as a city park, recreational center, crowded apartment house, or any other circumstances that would give the defendant any reason to use caution for such children. Also, a child of 15 years of age is old enough where a driver would not be alerted of him not observing a stop sign, as he would have been if the bicycle rider would be a child of tender years. For example, Robert was old enough to secure an automobile driver’s license if otherwise qualified. The Court further believes that Eric Doucet and Eddie Frank were stopped at the intersection as Stagg was approaching West DeSoto Street which traverses Laran Street. Stagg, the defendant, had a right to believe that Robert would also stop for the intersection. The defendant testified that he did not see the bicyclist, Robert, in time to stop his vehicle and the Court believes such testimony. The Court also believes Robert proceeded through the intersection without seeing the Stagg vehicle approaching from his right, which, of course, would be a further act of negligence on Robert’s part as he as a driver must yield to any traffic proceeding to his right. If Stagg could have seen Robert, surely Robert could have seen Stagg. It is also noted that Robert was in a far better position to avoid the accident, since it is much easier to stop a bicycle in time to avoid an accident than it is for a vehicle to stop to avoid an accident. In other words, the Court is of the opinion that Stagg did nothing wrong in proceeding On a favored street, and had a right to assume that a driver would stop and observe the stop sign at the intersection.
The Court is of the opinion that Robert Clark was in fact negligent, and that such negligence was the sole and proximate cause of the accident. The Court is further of the opinion that the doctrine of last clear chance does not apply in this case, since the plaintiff must show that he was in a position of peril from which he was unaware or from which he was unable to extricate himself. In this case, he was more able to extricate himself from the danger than Mr. Stagg as he could have stopped his bicycle easier than Stagg could have stopped his pickup truck. Secondly, the defendant was not in a position to discover plaintiff’s peril with the exercise of reasonable care and observation as the Court feels he did use reasonable care, caution and observation because he had a right to assume that Robert would have stopped at the intersection like the other youngsters, and of course, thirdly, the plaintiff did have a reasonable opportunity to avoid the accident when he discovered his peril. The situation was simply too late to avoid the accident. In addition, Robert had more of an opportunity to avoid the accident because of the type of vehicle he was operating. The Court therefore feels that the doctrine of last clear chance does not apply in this case.
*612 For the reasons stated above, the Court must reject the plaintiffs’ demands and dismiss their suit. Plaintiffs are cast for all costs of these proceedings.”
The above opinion reveals that the trial court did not err in its findings. Since such findings will not be disturbed absent manifest error, the trial court’s decision will be affirmed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the reasons assigned the judgment appealed from is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.